The opinion of the Court was delivered by
DaRGAN, Oh.
William Beasley and wife brought an action of trespass to try the title of a certain tract of land against *90 the plaintiff in this case. At October Term, 1852, the action at law was tried, and the plaintiff in said action had a verdict for “ an undivided fourth part of the land” described in the pleadings.
Mary Beasley was one of the heirs at law of Christiana Teulon, and there were three others. It was upon this title, that the action at law prevailed. Judgment was entered up upon the verdict in conformity therewith, and a writ of habere facias possessionem, in form following the verdict and judgment, was issued; under the authority of which, and by direction of the plaintiffs in that action, the sheriff was about to eject William B. Dorn, and put Beasley and wife in possession of the whole tract.
Whereupon, William B. Dorn filed this bill for an injunction to stay the execution of the writ of hab. fac. poss., and also for a partition of the premises in question. He alleges in his bill, that he has been in possession of the premises for fourteen years; regarding and using it as his own property. He says, that the effect of the verdict and judgment is, to make William Beasley and wife tenants in common with him, — he interested to the extent of three-fourths, and they to the extent of one-fourth. The prayer of the bill is, that the land by a decree of the Court may be divided between him, and the said Beasley and wife in that proportion.
The complainant Dorn, obtained from one of the Chancellors at Chambers, an order for an injunction to restrain the execution of the writ of háb. fac. poss. until the trial of the cause. The case came on for trial at June Term of the Court of Equity, for Abbeville District, 1858. The presiding Chancellor, on the authority of the case of Dupont vs. Ervin, 2 Brev. 400, and in conformity to what he considered to have been the practice established by the decision in that case, dismissed the bill.
From this decree, an appeal was taken, and heard by this Court at May Term, 1854. At this hearing, besides the *91 various grounds of appeal on the part of the complainant Dorn, which were discussed, the defendants, Beasley and wife, brought into question the jurisdiction of the Court. After sustaining the jurisdiction of the Court, this Court in its decree ordered as follows : “ In relation to the operation of the verdict at law, the proper form of the writ of hah. fac. poss., and the' mode in which it should be executed as between the parties to the action at law, this Court prefers to take the advice and judgment of the Law Judges, — these latter questions relating to doctrine and practice exclusively legal.”
“ It is therefore ordered, that this case be set down upon the docket of the Court of Errors for the argument of the questions just mentioned; and that a message be sent to the Law Court of Appeals,” &c.
The case was heard by the Court of Errors at the same term on the questions submitted to it by this Court in the order above recited. On the 15th May, (1854,) the opinion of the Court of Errors was delivered, in which three of the Chancellors, and five of the Law Judges concurred.
That Court was of the opinion, that in this case the proper form of the writ of hah. fac. poss. had been adopted; namely, that the sheriff should be required to cause the plaintiff, (in the action at law,) “ to have possession of the one undivided fourth part of the premises,” &e. As to the mode of executing the writ, the Court of Errors through its organ, says: “ Upon the second question referred to it, this Court is of opinion, that the proper mode of executing the writ of hah. fac. poss., is for the sheriff to cause the said plaintiffs to have possession of one undivided fourth part of the tract of land, and appurtenances, described in said writ, and to leave the defendant in possession of the remaining three-fourths undivided.”
This judgment of the Court of Errors having been certified to the Equity Court of Appeals, that Court, on the 15th May, made a decree, setting aside the Circuit decree of June Term, 1858, and remanded the case “to the Circuit Court for a *92 bearing upon the points yet to be determined.” The case came on for another hearing at the regular Term for Abbe-ville District, in June, 1854, when the decree was delivered, from which this appeal has been taken. By this decree, the Chancellor ordered a writ to issue, to be directed to five commissioners, “ to make partition of the land described in the pleadings, so as to allot three-fourths to the plaintiff, and one-fourth to the defendants in right of the wife.” The grounds of appeal in various forms, deny the right of the plaintiff to a partition.
It is difficult to take any other view of this question, than that adopted by sthe Chancellor who tried the cause on the Circuit. The Court of Errors having declared, that the proper mode of executing the writ of hob. fac. poss., “ is for the sheriff to cause the plaintiffs to have the possession of the undivided fourth part of the land, and to leave the defendant in the possession of the remaining three-fourths undivided,” the unavoidable conclusion is, that Dorn, (the defendant in the action at law,) is in possession as to three-fourths, by some right or title valid as against Beasley and wife, and that he is a tenant in common with the latter. I take it as undeniable law, that all tenants in common who are sui juris, and where there is no restriction as to the time when severance is to take place, are entitled to partition. The Stat. 32, Henry VIII., made of force in this State, (2 Stat. 474,) provides, that tenants for life, or years, seized and possessed in common with others who have estates of inheritance in the same lands, shall be compel-lable to make severance and partition by writ of partition suable out of the Court of dhancery. The Act of 1799, (7 Stat. 784,) declares that writs of partition shall be demand-able as of common right. In Steedman vs. Weeks, 2 Strob. Eq. 145, this Court decided, that timber trees growing on the defendant’s land, and to a moiety of which trees the plaintiff was entitled, were subject to partition, and ordered a writ of partition to issue to effect a division thereof between the plain *93 tiff and defendant. Parker vs. Gerard, Ambler, 236. In Warner vs. Baynes, Ambler, 589. The Court held that certain water privileges, consisting of a spout and springs, used for the purpose of a bath, to which the plaintiff and defendant were entitled in common, should be divided, and ordered a writ to issue.
Thus it would seem, that partition is favored of the law. There must of necessity exist joint and common interests and estates in both real and personal property. But wherever partition is practicable, and there is no impediment, the Court will afford facilities for effecting it, whatever may be the rights or estates of the parties, and the proportions in which they are entitled. The compulsory possession of a common estate by parties who are hostile, or who do not harmonize, or whose objects and interests are diverse, is like the enforced continuance of the conjugal relations, productive of much mischief and evil. It suspends all improvements, for neither party can safely improve under such circumstances, and thus the prosperity of the community is affected ; it leads to endless contests and litigation, by which the peace of society must be disturbed, and the Courts must be harassed. ' To sever the common estate when it is desired, is to remove every cause of contention, and leaves each party in the exclusive and peaceable possession and enjoyment of his own share, to do with it as he pleases. These are some of the views which induce courts of justice to lend a ready hearing to applications for partition.
In the case before the Court, Beasley and wife are unquestionably entitled by th!e verdict of a jury, to one undivided fourth of the land in question; while Dorn, by the judgment of the Court of Errors in this case, has been adjudged to be entitled to the undisturbed possession of three undivided fourths. Are these hostile parties, who have been waging a protracted legal warfare against each other, to be yQked in the common possession of this property, by ties which cannot be severed ? How long is this state of things to endure ? What is the *94 relief? Who has suggested a remedy other than that which may be afforded by a partition ?
It is needless to say, that other persons not before the Court, and who may have a paramount title, cannot be prejudiced by any judgment in these proceedings. But as against Beasley and wife, by the judgment of the Court of Errors, Dorn must be presumed to have a title to three-fourths. His possession is primé facie sufficient to raise this presumption. There is no proof as to his title but his long continued possession. But in the absence of all proof this is sufficient, and the possessor must be considered the true owner. Dorn must be taken as in possession by a title; and that title must be regarded good and sufficient until the contrary is shown. But Beasley and wife, by the verdict of a jury, are entitled as against Dorn to an undivided fourth part. Predicating my judgment upon the opinion of the Court of Errors, (from which I dissented,) I can see no obstacle to a partition, and am constrained to the conclusion that a writ of partition was properly awarded by the Circuit Court.
It is ordered and decreed, that the Circuit decree be affirmed, and the appeal be dismissed.
DüNKIN and Ward law, CC., concurred.
Decree affirmed.